UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MONTE ALLEN APFEL,

Petitioner,

v.

RICARDO E. CHAVEZ, Warden,

Respondent.

Civil File No. 00-2762 (RHK/JGL)

**REPORT AND RECOMMENDATION**

Monte Allen Apfel, Federal Prison Camp, Duluth, Minnesota, Petitioner, pro se.

Paul H. Luehr, Assistant U.S. Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, for Respondent.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Monte Allen Apfel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the federal Bureau of Prisons ("BOP") has erroneously refused to give him credit toward his federal prison term for a certain period of time that he spent in state custody after his federal prison sentence was imposed and before he was taken into federal custody. Respondent has filed an answer contending that Petitioner is not entitled to the sentence credit he is claiming, and that his petition should be denied.

The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court concludes that Petitioner is not entitled to habeas corpus relief and that his petition should be dismissed with prejudice.

FILED MAR 2 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

On April 20, 1990, Petitioner pleaded guilty to a federal drug law violation in the U.S. District Court for the Northern District of Iowa. On September 10, 1990 he was sentenced to 175 months in federal prison. He is currently serving that sentence at the Federal Prison Camp in Duluth, Minnesota.

At the time of his sentencing in federal court, Petitioner was incarcerated in an Iowa state prison, where he was serving two concurrent ten year sentences. He completed his state prison sentences on January 4, 1991, and he was then taken into federal custody to begin serving his federal sentence.

The BOP asserts that Petitioner did not begin serving his 175-month federal prison sentence until January 4, 1991, when he was released from state custody and taken into federal custody. Petitioner disagrees. He claims that he effectively began to serve his federal sentence on the day it was imposed – September 10, 1990. Thus, Petitioner contends, the BOP should be giving him several additional months of credit toward the completion of his federal sentence.[1]

After exhausting his available administrative remedies, (a fact conceded by Respondent), Petitioner filed his present application for habeas corpus relief, seeking judicial resolution of his dispute with the BOP. The Court agrees with the BOP's position on the sentence credit dispute, and therefore recommends that Petitioner's habeas corpus

---

[1] Although the interval between Petitioner's federal sentencing (on September 10, 1990), and his release from state prison (on January 4, 1991), is actually only three months and twenty-four days, Petitioner claims he is entitled to four-and-a-half months of additional credit. This apparent discrepancy is irrelevant, however, because the Court finds that Petitioner is not entitled to any sentence credit at all in this matter.

petition be dismissed on the merits.[2]

## II. DISCUSSION

Petitioner wants the BOP to treat his state and federal sentences as concurrent sentences, so that the time he spent in state custody, after his federal sentence was imposed, can be credited toward both his state and federal sentences. Federal law, however, precludes the BOP from granting that request.

The last sentence of 18 U.S.C. § 3584(a) says that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." In this case, the federal sentencing court did not order Petitioner's state and federal prison terms to run concurrently. Therefore, by operation of law, (i.e., the last sentence of § 3584(a)), the sentences must be served consecutively. That is what Congress has mandated, and the BOP has no authority to override that mandate.

---

[2] Citing the dismissal of Petitioner's previous § 2241 habeas corpus action in this District, (see Apfel v Bureau of Prisons, Civil No. 98-2644 (RHK/JGL)), and the denial of his previous § 2255 motion to the trial court, (see Petitioner's Appendix, [Docket No. 3], pp. 59 et seq.), Respondent urges the Court to treat the instant petition as an "abuse of the writ." The Court notes, however, that the prior § 2241 petition was dismissed for non-exhaustion, and not on the merits. It is therefore unclear whether the dismissal of the prior § 2241 petition causes the current one to be "abusive." See Stewart v Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (suggesting that a petition that is summarily dismissed without prejudice for "technical procedural reasons" should not be counted for abuse of the writ purposes); see also, Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). It is also not entirely clear whether the dismissal of Petitioner's previous § 2255 motion causes his current habeas petition under § 2241 to be an abuse of the writ. In light of these uncertainties, the Court will follow the Eighth Circuit's advice that "[a]lthough the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.), cert. denied, 528 U.S. 846 (1999).

Petitioner might have a better argument if his state sentences had not been imposed until after his federal sentence was imposed. In that event, he could argue that his time in state prison should be (or at least could be) counted toward his federal sentence, and he could point to a body of federal case law to support such an argument. See e.g., Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998). Such case law is wholly irrelevant here, however, because this is not a case in which the federal sentence preceded the state sentence.[3]

If Petitioner believes that his state and federal sentences should have been served concurrently, he should have presented that claim to the federal district court judge at the time of his federal sentencing. The federal sentencing judge presumably could have imposed concurrent sentences pursuant to the first sentence in 18 U.S.C. § 3584(a), which

---

[3] In McCarthy, the Second Circuit explained why it makes a difference whether the state sentence follows or precedes the state sentence:

> "The federal sentencing court would be expected to know about a sentence previously imposed. If, in these circumstances, the judge imposed a new sentence and failed to note that it should run concurrently with the previously imposed sentence, it is reasonable to infer that the intention was to have the new sentence be consecutive. That is what the statute provides. On the other hand, where the sentence in question is imposed *prior to* another sentence, the sentencing judge by definition cannot know what sentence will be imposed. (Indeed, the judge may not even know that criminal charges will be brought, or that they will result in conviction.) Accordingly, there is no basis to infer any intention as to consecutive or concurrent service from the sentencing judge's silence, which could equally well indicate either that the judge did not know another sentence would be imposed, or did not know what the future sentence would be. The judge's failure to specify concurrence in these circumstances is not reasonably interpreted as indicating an intention that the sentences be consecutive."

146 F.3d at 122 (emphasis added).

provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." For reasons that need not be reviewed here, (and could not properly be reviewed here in any event), the federal sentencing court did not elect to make Petitioner's federal sentence run concurrently with his then uncompleted state sentence. Because the federal sentencing court did not specify that the state and federal sentences should run concurrently, the last sentence of § 3584(a) directs that they must run consecutively. Again, neither the BOP nor this Court can sidestep or overturn the construction of Petitioner's sentence that has been prescribed by Congress.

If the federal sentencing court erred by failing to direct that Petitioner's state and federal sentences should run concurrently, such error would have to be corrected by the sentencing court or the Court of Appeals.[4] The exclusive collateral remedy for an alleged sentencing error is a motion filed in the trial court pursuant to 28 U.S.C. § 2255. Such relief cannot be granted in a habeas corpus proceeding brought under 28 U.S.C. § 2241, unless the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255 [¶ 5]; see also DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

---

[4] Petitioner has expressly stated, however, that he is not claiming that any sentencing error occurred in his case. ("Memorandum of Law in Support of Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," [Docket No. 2], at p. 4.)

The Court recognizes that Petitioner has already sought relief under § 2255, and that his motion was denied. However, the denial of Petitioner's previous § 2255 motion does not cause § 2255 to be an "inadequate or ineffective" remedy and thereby allow him to use a § 2241 habeas petition to challenge the propriety of the sentence imposed by the trial court. Our Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Therefore, Petitioner is barred from bringing a sentencing error claim in a § 2241 habeas proceeding.

In sum, Petitioner's current application for habeas corpus relief must be denied, because the BOP cannot be compelled to give Petitioner the relief he is seeking. Because the federal sentencing court did not specify whether Petitioner's federal and state sentences should be served consecutively or concurrently, 18 U.S.C. § 3584(a) mandates that the sentences must be served consecutively. Neither the BOP nor this Court is authorized to override that statutory directive. Thus, the BOP has correctly determined that Petitioner's federal sentence did not begin to run until his state sentences were completed and he was transferred to federal custody on January 4, 1991. Petitioner may believe that the federal trial court erred by not making his federal sentence concurrent with his state sentences, but that issue is not before this Court, nor could that issue properly be entertained by this Court in the context of a § 2241 habeas corpus proceeding (or otherwise).

For the reasons discussed above, the Court concludes that Petitioner is not entitled to any credit toward his current federal prison term for the time he spent in state custody.

It is therefore recommended that Petitioner's sentence credit claim be rejected on the merits, and that his petition for a writ of habeas corpus be dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: March 21, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 9, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.